IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KMART CORPORATION,<br><br>Defendant. | Civil Action No. 04-1315 (GMS) |

**DEFENDANT KMART CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

OF COUNSEL:
Dona S. Kahn, Esq.
Gail M. Eckstein, Esq.
ANDERSON KILL & OLICK, P.C.
A New York Professional Corporation
1251 Avenue of the Americas
New York, New York 10020-1182
(212) 278-1000
Dkahn@andersonkill.com
Geckstein@andersonkill.com

Dawn N. Zubrick, Esq. (#4327)
DILWORTH PAXSON LLP
702 North King Street
Suite 500
First Federal Plaza
Wilmington, DE 19899
302-571-9800
Dzubrick@dilworthlaw.com

Attorneys for Defendant Kmart Corporation

NYDOCS1-759470.1

593022_1

## TABLE OF CONTENTS

Page

I. <u>NATURE AND STAGE OF THE PROCEEDING</u>...............................................1

II. <u>SUMMARY OF ARGUMENT</u>....................................................................................1

III. <u>STATEMENT OF FACTS</u>..........................................................................................2

IV. <u>ARGUMENT</u>.................................................................................................................2

    A. <u>PLAINTIFF FAILS TO STATE A TIMELY CLAIM FOR RELIEF</u>.........2

    B. <u>EEOC'S ACTION IS BARRED IN FULL BY THE FAILURE TO MEET THE PREREQUISITE OF FILING A TIMELY CHARGE</u>......................3

V. <u>CONCLUSION</u>............................................................................................................4

# TABLE OF AUTHORITIES

## FEDERAL CASES

Benedum v. Franklin Township Recycling Center, No. 95-1343, 1996 WL 679402 (W.D. Pa. September 12, 1996) .......................................................... 4

Equal Employment Opportunity v. Hansa Products, Inc., 844 F.2d 191 (4th Cir. 1988) .......................................................................................................... 1,3,4

Gaul v. Zep Manufacturing Co., No. 03-2439, 2004 WL 234370 (E.D. Pa. Jan. 30, 2004) ................................................................................................... 2

Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, (3d Cir. 1988) ............................................................................................................... 2

Love v. Pullman Co., 404 U.S. 522 (U.S. 1972) ..................................................... 3

Luna v. Walgreens, 888 F. Supp.87 (N.D. Ill. 1995) ............................................... 4

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3rd Cir.1994) ............................................................................................................ 3

Reed v. Hewlett-Packard Co., No. 98-582-GMS, 2001 WL 65725 (D. Del. January 12, 2001) ............................................................................................ 3

## FEDERAL STATUTES

29 U.S.C. § 621 (2004) ...................................................................................... 1,3

42 U.S.C. § 2000e-5(e) (2004) .......................................................................... 1,3

Fed. R. Civ. P. 12(c) ............................................................................................. 1

I. **NATURE AND STAGE OF THE PROCEEDINGS**

This action arises out of the termination of employment of Ronald Brown ("Brown") by Kmart on January 22, 2002 for job-related legitimate business reasons. The Equal Employment Opportunity Commission ("EEOC") filed this action on September 29, 2004 on behalf of Brown, alleging that Brown's termination was based on his race (black) and age (51) in violation of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act. Defendant Kmart Corporation filed an Answer on December 15, 2004, stating as an affirmative defense that the EEOC's action is barred in full by Brown's failure to file a timely charge of discrimination.

Defendant Kmart Corporation ("Kmart") respectfully submits this brief in support of its motion, pursuant to Fed. R. Civ. P. 12(c), to dismiss in its entirety the Complaint of Plaintiff EEOC for failure to state a claim upon which relief can be granted.

II. **SUMMARY OF ARGUMENT**

Pursuant to federal law, claims of employment discrimination under both Title VII and the ADEA must be filed with the EEOC within 300 days of the alleged discriminatory act in a "deferral" state such as Delaware. 42 U.S.C. § 2000e-5(e) (2004); 29 U.S.C. § 621 et seq. (2004). An aggrieved employee must file an employment discrimination claim within the time limit of three hundred (300) days of the alleged discrimination as a prerequisite to the filing of a federal civil suit based on such alleged discrimination. See Equal Employment Opportunity Commission v. Hansa Prods., Inc., 844 F.2d 191, 191 (4th Cir. 1988). Brown filed a charge of discrimination with the EEOC on January 29, 2003, more than 300 days after his termination and, accordingly, the charge was untimely. The EEOC's action is thereby barred in full by

the failure of Ronald Brown to meet the statutory prerequisite of filing a timely charge within three hundred (300) days of the alleged discriminatory act of discharge.

### III. STATEMENT OF FACTS

Brown began employment with Kmart on or about September 29, 1975, as a full-time salaried Assistant Manager and held a variety of different salaried management positions. The last position which Brown held at Kmart was as a full-time salaried store manager at Kmart # 3800 in Newark, Delaware. Brown was terminated on January 22, 2002, because Kmart found his job performance unsatisfactory. Brown filed a charge of discrimination with the EEOC on January 29, 2003, more than 300 days after his termination and, accordingly, the charge was untimely.

### IV. ARGUMENT

#### A. PLAINTIFF FAILS TO STATE A TIMELY CLAIM FOR RELIEF

A motion for judgment on the pleadings, made pursuant to Fed. R. Civ. P. 12(c) is treated "under the same standard as a motion to dismiss under 12(b)(6)." Gaul v. Zep Mfg. Co., No. 03-2439, 2004 WL 234370, at *1 (E.D. Pa. Jan. 30, 2004) (citing Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290-291 (3d Cir. 1988)). A motion for judgment on the pleadings shall be granted where the moving party has established that "no material issue of fact remains to be resolved, and that the movant is entitled to judgment as a matter of law." Gaul, 2004 WL 234370, at *1.

Pursuant to Federal statutory law and Third Circuit case law, claims of employment discrimination under both Title VII and the ADEA must be filed with the EEOC within 300 days of the alleged discriminatory act in a "deferral" state such as Delaware. 42 U.S.C. § 2000e-5(e) (2004); 29 U.S.C. § 621 et seq. (2004); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). A "deferral

state" is a state or subdivision "which has a State or local law prohibiting the practice alleged and establishing or authorizing the state or local authority to grant or seek relief" from practices prohibited under Title VII. 42 U.S.C. § 2000e-5(d)(1994). Delaware is a deferral state, as the state agency authorized to receive and adjudicate charges of discrimination under Title VII is the Delaware Department of Labor ("DDOL"). Reed v. Hewlett-Packard Co., No. 98-582-GMS, 2001 WL 65725, at *3 (D. Del. January 12, 2001).

### B. EEOC'S ACTION IS BARRED IN FULL BY THE FAILURE TO MEET THE PREREQUISITE OF FILING A TIMELY CHARGE

The filing of an employment discrimination claim within the time limit of 300 days of the alleged discriminatory act serves as a prerequisite to the filing of a federal civil suit based on such alleged discrimination. See Equal Employment Opportunity Commission v. Hansa Prods., Inc., 844 F.2d 191, 191 (4th Cir. 1988) (holding that as a prerequisite to filing an employment discrimination action under Title VII, an aggrieved employee must timely file a charge with the EEOC); see also Love v. Pullman Co., 404 U.S. 522, 523 (U.S. 1972) (holding that a person claiming to be aggrieved by a violation of Title VII may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of administrative relief). Such a requirement of timeliness would not only give the employer "some warning of the conduct about which the employee is aggrieved," but would also "afford the agency and the employer an opportunity to attempt conciliation without resort to the courts." Benedum, 1996 WL 679402, at *4 (citing Luna v. Walgreens, 888 F. Supp. 87, 88 (N.D. Ill. 1995)). Failing to meet this jurisdictional prerequisite shall bar the federal claim in full.

Kmart terminated Brown's employment on January 22, 2002, for job-related legitimate business reasons. Brown filed a charge of discrimination with the DDOL on January 29, 2003, over 365 days after his termination. Brown has far exceeded his statutory time period to file since he waited over 365 days before filing with the DDOL.

The movant is entitled to judgment as a matter of law when the plaintiff has failed to file a timely charge of discrimination with the EEOC before initiating suit in federal court. See Benedum v. Franklin Township Recycling Center, No. 95-1343, 1996 WL 679402, at *3 (W.D. Pa. September 12, 1996) (granting summary judgment as a matter of law because plaintiff failed to meet the condition precedent for the filing of his lawsuit in that he failed to file a written charge with the EEOC within 300 days of the discriminatory act). Although the EEOC is the plaintiff in this matter, the 300-day limitation on which to file a charge is applicable to the charge which forms the basis for the EEOC complaint. See Hansa, 844 F.2d at 191 (prerequisite to EEOC bringing employment discrimination action was that aggrieved employee filed a timely charge). The EEOC's action is thereby barred in full by the failure of Ronald Brown to meet the statutory prerequisite of filing a timely charge within three hundred days of the alleged discriminatory act of discharge. The Court should dismiss the EEOC's complaint as a matter of law.

## V.  CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss the Complaint should be granted in all respects.

OF COUNSEL:
Dona S. Kahn, Esq.
Gail M. Eckstein, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
212-278-1000
Dkahn@andersonkill.com
Geckstein@andersonkill.com

/s/ Dawn N. Zubrick
Dawn N. Zubrick, Esq. (#4327)
DILWORTH PAXSON LLP
702 North King Street, Suite 500
First Federal Plaza
Wilmington, DE 19899
302-571-9800
dzubrick@dilworthlaw.com

Attorneys for Defendant Kmart Corporation

Dated: March 2, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 2, 2005, I electronically filed Defendant Kmart's Brief in Support of its Motion to Dismiss the Complaint with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Patricia Hannigan, Esquire
Assistant U.S. Attorney
U.S. Department of Justice
1007 Orange Street, Suite 700
Wilmington, Delaware 19899-2046

I hereby certify that, on March 2, 2005, I have also mailed, by United States Service, Kmart's Brief in Support of its Motion to Dismiss the Complaint to the following participants:

Patricia Hannigan, Esquire
Assistant U.S. Attorney
U.S. Department of Justice
1007 Orange Street, Suite 700
Wilmington, Delaware 19899-2046

Woody Anglade, Esquire
Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Dawn N. Zubrick (#4327)
Dilworth Paxson LLP
First Federal Plaza
Suite 500
Wilmington, Delaware 19801
(302) 571-9800
dzubrick@dilworthlaw.com